The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner John A. Hedrick. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for minor modifications to Finding of Fact Number Five and Conclusion of Law Number One.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. On 19 December 1996, defendant regularly employed plaintiff.
2. On that date, plaintiff sustained an injury by accident arising out of and in the course of his employment.
3. Plaintiff's average weekly wage was $500.00.
4. A set of plaintiff's medical records, marked as Stipulated Exhibit Number Two, is admitted into evidence.
5. Defendant's payroll records from May 1996 through March 1997, marked as Stipulated Exhibit Number Three, are admitted into evidence.
6. Notes maintained by defendant in plaintiff's personnel file, marked as Stipulated Exhibit Number Four, are admitted into evidence.
7. Records reflecting the wages defendant paid plaintiff, marked as Stipulated Exhibit Number Five, are admitted into evidence.
8. A set of Wage Verification forms, marked as Stipulated Exhibit Number Six, are admitted into evidence.
9. Defendant's answers to plaintiff's interrogatories and request for production of documents, including tax and wage reports, marked as Stipulated Exhibit Number Seven, are admitted into evidence.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner a follows:
 FINDINGS OF FACT
1. At the time of the hearing, the plaintiff was thirty-five years old. He was employed as a milker for a dairy farm business. Plaintiff completed the ninth grade. His employment history consisted primarily of work as a milker for dairy farms.
2. Defendant was a North Carolina business corporation that owned and operated a dairy farm. Defendant owned approximately five hundred dairy cows. It also owned a large number of calves.
3. Defendant's president, Jerry Anderson, was employed by defendant as the farm's manager. He performed many varied tasks necessary for the farm's operation.
4. In addition to Mr. Anderson, defendant regularly employed six persons as milkers, one person as a feeder and one assistant manager. Defendant also employed one individual, Donna, as a part-time employee who fed calves. When defendant purchased the dairy farm in 1996, it employed an individual known as Booker T. who assisted defendant in moving its operation from South Carolina to North Carolina. This individual was approximately seventy-five years old and was not regularly employed by defendant.
5. The defendant employed more than ten employees at the beginning of the fourth quarter of 1996; however, one of the ten employees left defendant's employment in October 1996. The defendant never consistently or regularly employed more than ten employees at any time during any quarter since the fourth quarter of 1996.
6. Although plaintiff testified that defendant employed individuals named "Mink" and "Lilo", the evidence of record is insufficient to prove that defendant employed these persons in addition to the individuals who defendant identified on its payroll and Employment Security Commission records.
7. Defendant did not regularly employ ten or more full-time, non-seasonal agricultural workers.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 19 December 1996 the defendant was not subject to and bound by the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-13(b).
2. The Industrial Commission has no jurisdiction over plaintiff's claim.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Under the law, plaintiff's claim must be, and the same is hereby, DISMISSED.
2. Each party shall bear its own costs.
This the 13th day of December, 1999.
S/_____________ PAMELA T. YOUNG DEPUTY COMMISSIONER
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
DISSENTING WITHOUT WRITTEN OPINION:
S/_____________ THOMAS J. BOLCH COMMISSIONER